# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ADEL AL, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>  vs.<br><br>SOURCE RECEIVABLES MANAGEMENT, LLC,<br><br>          Defendant. | Case No.: 17-cv-863<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Adel Al is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Source Receivables Management, LLC ("Source Receivables") is a debt collection agency with its principal offices located at 4615 Dundas Drive, Suite 102 Greensboro, NC 27407.

6. Source Receivables is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Source Receivables is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Source Receivables is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about May 25, 2017, Source Receivables mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed "Sprint." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

9. Upon information and belief, the alleged debt that Source Receivables was attempting to collect was a personal cell phone services account.

10. The cell phone account listed in <u>Exhibit A</u> was not opened for a business purpose.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Source Receivables to attempt to collect alleged debts.

13. <u>Exhibit A</u> contains the following settlement offer:

SPRINT has placed your account with Source Receivables Management to recover the Amount Due referenced in this letter. There are multiple options available to you.


**Single Payment Settlement Option:**
Take $460.79 off the balance. Pay $460.79 no later than 07/06/17. Your account will be considered "Settled in Full" after we post your payment.


**3 Monthly Payment Plan:**
Take $368.63 off the balance. Pay over 3 equal monthly installments of $184.32. First payment due no later than 07/06/17. Your account will be considered "Settled in Full" after we post your final payment.


**Balance in full Payment Plan:**
Pay as little as $76.80 per month. First payment due no later than 07/06/17. Your account will be considered "Paid in Full" once the account reaches a zero balance.

2

14. The letter purports to offer a settlement of the debt for a portion of the total alleged debt.

15. The settlement offer in Exhibit A falsely states or implies that the settlement offer is valid only if the first payment is made "no later than 07/06/2017." (Exhibit A).

16. Upon information and belief, Source Receivables had authority from Sprint to settle consumers' accounts for a portion of the total amount owed at any time.

17. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

18. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

19. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

20. Source Receivables did not use the safe harbor language in Exhibit A.

21. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

3

22.     The letter Source Receivables sent to Plaintiff (Exhibit A) also includes the text: "Please review the privacy notice contained on the back of this letter for an explanation of the Account Owners' policies and procedures regarding the use of non-public, personal information."

23.     The reverse side of Exhibit A is blank.

24.     Directing a consumer to "privacy notice" on the reverse of a debt collection letter, when the reverse of the letter is blank is misleading and confusing to the unsophisticated consumer.

25.     The conduct alleged induces the consumer to search in vain for a privacy notice that is nowhere to be found. The consumer is likely to call Source Receivables, subjecting the consumer to additional collection efforts.

26.     Plaintiff was confused by Exhibit A.

27.     The unsophisticated consumer would be confused by Exhibit A.

28.     Plaintiff had to spend time and money investigating Exhibit A.

29.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

30.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss

4

Case 2:17-cv-00863-DEJ     Filed 06/21/17     Page 4 of 8     Document 1

of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

31. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

32. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

5

33. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

34. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## **COUNT I – FDCPA**

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. Exhibit A includes false statements to the effect that the settlement offer is for a limited time only.

37. Upon information and belief, the creditor and/or Source Receivables would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

38. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## **COUNT II – FDCPA**

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. Exhibit A falsely states "Please review the privacy notice contained on the back of this letter for an explanation of the Account Owners' policies and procedures regarding the use of non-public, personal information," when there is no information on the reverse of Exhibit A.

41. Exhibit A is misleading and confusing to the unsophisticated consumer.

42. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

## CLASS ALLEGATIONS

43. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between June 21, 2016, and June 21, 2017, inclusive, (e) that was not returned by the postal service.

44. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

45. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

46. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

49. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

7

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 21, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com